IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE PURDOM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1198 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Caiazza |
| PAUL R. GETTLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   REPORT**

Willie Purdom ("Purdom" or "the Plaintiff"), is a federal prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky. He has filed the instant lawsuit which he styles as a "Bivens"[1] action against Paul Gettleman, an attorney who represented Purdom prior to his trial on federal charges. Purdom alleges attorney malpractice and seeks a refund of monies his family and he paid to Attorney Gettleman.

**A.   The Legal Standard**

Congress has mandated that the court review complaints filed

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

by persons who are proceeding *in forma pauperis* and to dismiss, *at any time*, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Where the issue is whether the plaintiff has stated a claim upon which relief can be granted, the familiar standard applicable to motions to dismiss is applicable. See, e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D.Va.1997), aff'd, 116 F.3d 473 (4th Cir.1997)(Table); Powell v. Hoover, 956 F.Supp. 564, 568 (M.D.Pa.1997). The standard a court applies with respect to a motion to dismiss filed pursuant to Rule 12(b)(6) is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); *i.e.*, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." See Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that

"[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

B. **The analysis**.

A fair reading of the complaint in this case is that the Plaintiff challenges the statement his privately-retained counsel submitted for services rendered prior to trial. Attorney Gettleman apparently was not the Plaintiff's trial counsel due to a conflict of interests. Purdom alleges that Attorney Gettleman should return approximately $16,000 of the $30,000 which the Plaintiff and his family paid to him.

To the extent Purdom seeks to remedy alleged constitutional violations through a Bivens-type claim, he must show that a federal agent violated his rights. See Carlson v. Green, 446 U.S. 14, 18 (1980). Here, Purdom claims that his privately-retained counsel has wronged him with respect to the amounts he was billed under a contract for representation.

Under the facts alleged here, Purdom's private counsel did not serve as a federal agent because defense counsel -whether court appointed or privately retained- does not act under color of law when representing clients in a legal capacity. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding public defender not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir.1972) (privately-retained counsel not acting under color of state law when representing client); Thomas v.

3

Howard, 455 F.2d 228 (3d Cir.1972) (court-appointed pool attorney not acting under color of state law); Awala v. Stretton, 2006 WL 2347659 (D.Del. Mar. 3, 2006) (applying Dodson in Bivens action). That being said, the remedy for constitutional deprivations provided to federal prisoners under Bivens does not provide this court with jurisdiction over the Plaintiff's fee dispute with his former counsel. This action should be dismissed as frivolous.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, the Plaintiff is allowed ten (10) days from the date of service to file written objections to this Report. A failure to timely file objections may constitute a waiver of any appellate rights.

        s/Francis X. Caiazza
        Francis X. Caiazza
        United States Magistrate Judge

Dated: September 24, 2007

cc: WILLIE PURDOM
   03643-068
   Federal Medical Center
   Post Office Box 14500
   Lexington, KY 405112-4508